

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOHN CULVER,<br>　　　　Petitioner,<br>　　v.<br>DIRECTOR OF CORRECTIONS,<br>　　　　Respondent. | Case No. CV 06-01230 PA (AN)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Percy Anderson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. Before the Court is Respondent's Motion to Dismiss ("Motion") the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons reported below, it is recommended that the Motion be granted and the Petition be dismissed with prejudice because it is untimely.

## I. BACKGROUND

**A.　Prior Proceedings**

Petitioner John Culver ("Petitioner") challenges his June 26, 2002 conviction by jury trial in Los Angeles County Superior Court (case No. MA023805) of making

terrorist threats, in violation of CAL. PENAL CODE § 422.[1] [Motion, Ex. B.] In a bifurcated proceeding, the court also found true allegations that Petitioner had suffered a prior felony for which he had served a prison term, qualifying for sentence enhancements within the meaning of CAL. PENAL CODE §§ 1170.12(a)-(d), 667(a)(1) and 667.5(b), and that, in the commission of making terrorist threats, Petitioner personally used a deadly or dangerous weapon, within the meaning of CAL. PENAL CODE § 12022(b)(1). [*Id.*, Ex. B at 21-22, Ex. C at 30.] He was sentenced to a total term of sixteen years in state prison. [*Id.*] Petitioner appealed his judgment of conviction to the California Court of Appeal, Second Appellate District, Division Three (case no. B161093), and that court affirmed his conviction on October 15, 2003. [*Id.*, Exs. C, D.] Petitioner did not file a petition for review with the California Supreme Court. [Petition at 3; Official records of the California appellate courts.[2]]

Nearly five months later, on March 10, 2004, Petitioner constructively[3] filed a

---

[1] An additional count of assault with a deadly weapon (CAL. PENAL CODE § 245(a)(1)) was dismissed as part of a plea agreement. [Motion, Ex. B at 21.]

[2] The Court takes judicial notice of the state appellate court records for Petitioner's case, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[3] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Although Petitioner's attorney drafted, signed and submitted all of his state habeas petitions, Petitioner was technically proceeding in *pro se* when the Superior Court petition was filed because his attorney had not yet been appointed. [Motion, Ex. E at 71.] Therefore, the "mailbox rule" is applicable <u>only</u> to the Superior Court petition. Counsel's cover letter to that petition indicates it was mailed or otherwise submitted for filing with the court on March 10, 2004. [*Id.*] Giving Petitioner the benefit of every doubt for the
(continued...)

habeas petition with the Los Angeles County Superior Court. [Motion, Ex. E.] That petition was denied on March 17, 2004. [*Id.*, Ex. F.] More than three months (97 days) later, on June 22, 2004, his appointed counsel filed a habeas petition with the California Court of Appeal (case no. B176086), and that petition was denied without comment on July 22, 2004. [*Id.*, Exs. G, H.] Another 71 days passed before Petitioner's attorney filed his next state habeas petition in the California Supreme Court (case no. S128216) on October 1, 2004. [*Id.*, Ex. I.] That petition was denied without comment on August 17, 2005. [*Id.*, Ex. J.]

While that petition was pending, Petitioner filed a federal habeas petition in this Court on December 10, 2004 (case no. CV 04-10078 PA (AN)). [*Id.*, Ex. K.] On January 21, 2005, that action was dismissed because Petitioner failed to exhaust his sole claim of ineffective assistance of counsel. [*Id.*] Petitioner filed an additional habeas petition in the California Supreme Court (case no. S130958) on January 25, 2005, and that petition was denied the same day as his other habeas petition filed with the state's highest court, August 17, 2005, this time with citations to *In re Waltreus*, 62 Cal.2d 218, 42 Cal.Rptr. 9 (1965), and *In re Lindley*, 29 Cal.2d 709 (1947). [*Id.* Exs. L, M.]

**B.    Pending Proceedings**

On February 16, 2006, Petitioner constructively filed the pending Petition, which raises five claims. [Petition, addendum, proof of service.] In Response, Respondent has filed the pending Motion arguing that the Petition should be dismissed because it is untimely. [Motion at 5-18.] Petitioner was granted an extension until June 30, 2006, to file his opposition to the Motion but has failed to do so. The matter now stands submitted.

/ / /

---

[3]/(...continued)
purposes of the following timeliness analysis, the Court will construe the constructive filing date of Petitioner's first state habeas petition as March 10, 2004.

3

## II. ANALYSIS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon a state prisoner seeking federal habeas review of his or her underlying state conviction and sentence. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner was convicted on June 26, 2002, and the Court of Appeal affirmed his conviction on October 15, 2003. Under California law, the judgment became final thirty days later, on November 14, 2003. CAL. CT. R. 24(b)(1). Petitioner did not file a petition for review with the California Supreme Court within the ten day period required by CAL. CT. R. 28(e)(1). Therefore, for purposes of federal habeas review, Petitioner's conviction became final on November 24, 2003. 28 U.S.C. § 2244(d)(1)(A); *see also Duncan*, 297 F.3d at 813 (conviction became final forty days after the Court of Appeal filed its opinion). AEDPA's one-year statute of limitations period then started to run the next day, on November 25, 2003, and ended on November 25, 2004. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the statute of limitations begins to run on the day following the day of the triggering event pursuant to FED. R. CIV. P. 6(a)). Petitioner did not constructively file his pending Petition until February 16, 2006 -- 448 days or approximately fifteen months after the statute had run. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to the AEDPA limitations period under 28 U.S.C. § 2244(d)(1).

### B. Statutory Tolling

#### 1. State Habeas Petitions

AEDPA's one-year limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with

4

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134 (2002). In the absence of undue delay, a petitioner in California is normally entitled to "one full round" of collateral review in state court free of federal interference. *Id.* at 220-22; *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003); *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003). "One full round" generally means that the statute of limitations is tolled from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge ("gap" tolling). *Saffold*, 536 U.S. at 219-20; *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846 (2000); *see also* CAL. CT. R. 29.4(b)(2)(C); *Corjasso v. Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (orders of the California Supreme Court denying habeas petitions are final upon filing).

However, a state petition is only "pending" if filed within a "reasonable time." *Saffold*, 536 U.S. at 221; *Evans v. Chavis*, --- U.S. ---, ---, 126 S.Ct. 846, 849 (2006) (citing *Saffold*). Where a state court's order clearly shows the habeas petition was denied on timeliness grounds, "that [is] the end of the matter" and the untimely petition is not considered to be "properly filed" for purposes of §2244(d)(2). *Saffold*, 536 U.S. at 226; *Pace v. Diguglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807 (2005).

Further, the United States Supreme Court recently held that, in the absence of a clear direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Chavis*, 126 S.Ct. at 852-53. In *Chavis*, the Supreme Court applied the foregoing principles and found that "a totally unexplained, hence unjustified, delay of at least six months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the

10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." *Id.* at 854.

Petitioner is entitled to statutory tolling for the time his first state habeas petition was pending in the trial court. He filed it March 10, 2004, while the statute of limitations was running. That petition was, however, denied only seven days after it was constructively filed. Given seven additional days, the limitations period was extended from November 25 to December 2, 2004.

Petitioner then waited 97 days after the first state habeas petition was denied to file his second state habeas petition in the Court of Appeal. Based upon *Chavis*, the Court finds this unexplained, unjustified delay is unreasonable. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *See id.* at 853-54 (further, "in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the law of other states, i.e., that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules"); *see also* CAL. CT. R. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the Court of Appeal, including habeas corpus decisions). Thus, the Court finds a 97-day unexplained, unjustified delay constitutes an unreasonable delay and the interval between Petitioner's first and second state habeas petitions cannot be tolled.

Petitioner is entitled to statutory tolling for the period during which his second state habeas petition was pending in the Court of Appeal, from June 22 to July 22, 2004.

Given 30 additional days of tolling, the limitations period was again extended from December 2, 2004, to January 1, 2005. However, Petitioner waited an additional 71 days before filing his next state habeas petition in the California Supreme Court. Like the prior interval, based upon *Chavis*, the Court finds this unexplained, unjustified delay is unreasonable. It is also clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Id.* at 854. As a result, the Court finds this constitutes an unreasonable delay as to the interval between his second and third state habeas petitions.

Petitioner filed the third petition on October 1, 2004, and it was denied on August 17, 2005. Given an additional 320 days of tolling, the limitations period was again extended, this time from January 1 to November 17, 2005. The pending Petition, constructively filed on February 16, 2006, is still untimely by 91 days.

### 2.     **Prior Federal Habeas Action**

The prior federal habeas action has no bearing on the Court's timeliness analysis. By the AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001). Further, the pending action cannot "relate back" to the prior action because that action was dismissed in its entirety as fully unexhausted and is no longer pending. *See Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition"); *see also Mayle v. Felix*, --- U.S. ---, ---, 125 S.Ct. 2562, 2573-74 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance"). Additionally, even if the current Petition *did* relate back

to the prior action, Petitioner has failed to allege or show a likelihood of success on the merits, so any future amendment to his Petition would be futile.[4]

## C. Alternative Start of the Statute of Limitations

### 1. State-Created Impediment

In rare instances, the AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner has not alleged or demonstrated that he is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

The AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, then the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner has not alleged or demonstrated that he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

The AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner has not alleged or demonstrated that he is entitled to relief under this provision.

---

[4] Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." However, it is not an abuse of discretion to deny a motion for leave to amend where, as here, the requested amendment would be futile, untimely, made in bad-faith, or prejudicial to the opposing party. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

8

**D.  Equitable Tolling**

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 125 S.Ct. at 1814. Petitioner has not alleged or otherwise established that he meets either of the *Pace* elements for equitable tolling.

To the extent Petitioner claims his attorney is responsible for any delay because counsel allegedly failed to file a petition for review on direct appeal and failed to advise Petitioner of the AEDPA deadline [Petition at 3; Motion, Ex. L at 142], he has not met his burden to show he is entitled to equitable tolling. In cases such as this, where Petitioner has no statutory right to counsel, an attorney's negligence in general does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney's negligence in calculating the deadline for a federal habeas petition, resulting in a late filing, did not warrant equitable tolling), *cert. denied*, 535 U.S. 1055, 122 S.Ct. 1913 (2002); *see also Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir.) (appointed appellate counsel's letter following direct review providing the Petitioner with an erroneous federal habeas deadline was not sufficient to warrant equitable tolling), *cert. denied*, 537 U.S. 1003, 123 S.Ct. 496 (2002); *Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (previous attorney allegedly making timely filing "impossible" was insufficient to trigger equitable tolling). Further, this case does not present the rare occasion in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate. *See Spitsyn*, 345 F.3d at 801 (9th Cir. 2003) (petitioner's retained habeas counsel engaged in egregious misconduct justifying equitable tolling where he never filed habeas petition despite having a year to do so, and counsel deliberately ignored numerous, repeated requests to file habeas petition made by

petitioner and his mother until the limitations period expired).

Finally, even if counsel had engaged in egregious misconduct here, Petitioner has also failed to establish his own diligence in contacting his attorney to determine whether a petition for review had been filed, particularly in light of the fact that he did not file his first state habeas petition until nearly five months after the Court of Appeal denied his direct appeal. Accordingly, he is not entitled to equitable tolling.

This action is time-barred.

## III. RECOMMENDATION

In accordance with the foregoing, IT IS RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and Recommendation, (2) granting Respondent's Motion, and (3) directing that judgment be entered dismissing this action with prejudice.

Dated: July 21, 2006

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE